### SMITH *v.* SMITH.

(*Supreme Court, General Term, Second Department.*   June 25, 1888.)

1. PAYMENT—APPLICATION—MARSHALING ASSETS.

Plaintiff in an action for partition held a mortgage on the interest of E., his co-heir and a party defendant. Plaintiff and E. owned, as partners, a skating-rink. Plaintiff paid the firm debts amounting to much less than the value of the rink, taking from E. a bill of sale of the rink, without further consideration, and with intent to defeat the claim of F., a co-defendant, against E. F. subsequently reduced her claim to judgments, and plaintiff sold the rink for its full value. *Held*, that after deducting from the proceeds the amount of debts paid by plaintiff, one-half of the remainder was properly applied to plaintiff's mortgage, thus reducing it in favor of F.'s judgments as against E.'s interest in the estate.

2. PARTNERSHIP—ACCOUNTING—EVIDENCE.

Plaintiff in an action for partition of an estate, and E., another heir, were partners in a rink, in which each had invested $3,500, plaintiff paying $1,500 of E.'s share, for which E. gave him a mortgage on his interest in the estate. E. afterwards gave plaintiff a bill of sale of the rink, in consideration of plaintiff paying the debts they had contracted, amounting to $552.34, the property having greatly depreciated. *Held*, that proof of an oral contract whereby E. agreed to "sink $1,800," and let plaintiff take the rink, did not limit E.'s loss to that amount, nor extinguish the mortgage given to plaintiff.

Appeal from circuit court, Dutchess county; J. F. BARNARD, Justice.

Action by Cassius M. Smith, for partition of an estate, against Flora A. Smith, impleaded with others. Plaintiff and Edwin H. Smith, one of the heirs and a party defendant, were partners in a skating-rink, each having invested $3,500 therein, plaintiff paying $1,500 of Edwin H. Smith's share, to secure which the latter gave him a mortgage on his interest in the estate. Subsequently the defendant Flora, who was the divorced wife of Edwin, obtained judgments against him. The court found as facts that the mortgage to plaintiff was given for a good consideration; that, the rink property having greatly depreciated in value, Edwin sold his interest therein to his brother, the plaintiff; that the latter agreed to pay the debts, amounting to $552.34, and did so; that the sale was not based on actual or agreed consideration other than this, and was made with intent to interpose a title between the property and the claim of Edwin's wife, which was not then reduced to judgment; that the rink was then worth $2,000, and no more, and that plaintiff subsequently sold it for that amount. Plaintiff's evidence showed that, at the time of negotiating for the dissolution of the partnership with Edwin in the rink business, plaintiff said to the latter: "I will sink $1,800, and you can take

the rink, and pay what it has run behind; * * * or I will take it, and you sink $1,800;" that Edwin said he had "no money to pay the deficiency, so he would have to give me a bill of sale;" and that he did give plaintiff a bill of sale. The judgment was that, after deducting the back debts on the rink,—$552.34, paid by plaintiff,—Edwin was entitled to one-half of the remainder of the proceeds of the sale thereof, which should be credited on plaintiff's mortgage; that plaintiff's mortgage was a lien on Edwin's interest in the estate only for the remainder after such credit, and that all over that sum realized on a sale of Edwin's interest in the estate should go towards the payment of Flora's judgments. Flora appeals, contending that the transfer by Edwin of his interest in the rink to plaintiff extinguished the mortgage given to the latter.

*Henick & Losey,* for appellant. *Wm. R. Woodin,* for respondent.

PRATT, J. When this case was before us at a former general term, we granted a new trial, because it seemed to us that Cassius had obtained Edwin's interest in the rink property substantially without consideration, where it ought to have been subjected to the payment of Flora's judgments. The court, on the new trial, has proceeded on this theory. It has found on sufficient evidence that the value of the entire rink property owned by the two was $2,000, and that they, as partners, owed $552.34, which Cassius agreed to pay, and has paid. That left $1,447.66 as the net value of the rink property, which Cassius obtained under the bill of sale from Edwin; and that sale did Flora, as Edwin's judgment creditor, a wrong to the extent of his interest in this $1,447.66, which was one-half thereof, $723.63. The court has now credited this sum ($723.63) on the mortgage held by Cassius against Edwin's interest in the lands sought to be partitioned, and reduced the lien thereof accordingly. This seems to us correct. We do not apply the oral understanding to the facts of the case as Flora's counsel contends. He urges that $1,800 was to be the extent of Edwin's loss, according to the oral bargain between him and Cassius; but the facts were that the rink had cost $7,000,— that is to say, $3,500 each. But Cassius had paid or become liable for $1,500 of the $3,500 which Edwin put in; hence Edwin's contribution to the rink was $2,000 over and above this $1,500. But the entire property had dwindled in value to about $2,000, besides which were these debts of $552.34. Hence, if Cassius took the property, Edwin would sink the $2,000 which he put in. Just how they figured his loss at $1,800 is a matter which we do not clearly see; but it seems to us tolerably plain that it referred in some way to the loss which each was to suffer on their actual contributions, and was not the limit of Edwin's loss if Cassius took the rink. On the whole, we think that substantial justice has been done, and that quite independent of the reception of the testimony to which Flora excepted. These views lead to an affirmance of the judgment.

The costs of this appeal are in the discretion of the court, and the circumstances will doubtless justify us in charging Flora with them; but in view of the particular relations of the parties we think that it will be fair to excuse her from those costs if she shall consent to accept this decision, but if she refuses so to do she should be adjudged to pay them.